UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X   **DOCKET NO.:**
JUSTIN GRAHAM,

                                Plaintiff,

              -against-                    **COMPLAINT**

NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER
RAFAEL MUSAYEV, in his individual and official
capacity, NEW YORK CITY POLICE OFFICER RAFFO,
in her individual and official capacity, NEW YORK CITY
POLICE DETECTIVE KEVIN WINTERS, in his individual
and official capacity, NEW YORK CITY POLICE          **PLAINTIFF DEMANDS A**
DETECTIVE ROEMER, in his individual and official            **TRIAL BY JURY**
capacity, and NEW YORK CITY POLICE OFFICER JOHN
DOES #1-10 (fictitiously named), in their individual and
official capacities,

                         Defendants.
---------------------------------------------------------------------- X

       Plaintiff JUSTIN GRAHAM, by his attorneys, The Russell Friedman Law Group, LLP,

complaining of Defendants NEW YORK CITY, NEW YORK CITY POLICE DEPARTMENT,

NEW YORK CITY POLICE OFFICER RAFAEL MUSAYEV, in his individual and official

capacity, NEW YORK CITY POLICE OFFICER RAFFO, in her individual and official capacity,

NEW YORK CITY POLICE DETECTIVE KEVIN WINTERS, in his individual and official

capacity, NEW YORK CITY POLICE DETECTIVE ROEMER, in his individual and official

capacity, and NEW YORK CITY POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in

their individual and official capacities alleges as follows:

## PRELIMINARY STATEMENT

       1.     This is a civil rights action in which Plaintiff, JUSTIN GRAHAM ("GRAHAM"

and/or "Plaintiff") seeks relief from NEW YORK CITY, NEW YORK CITY POLICE

DEPARTMENT, NEW YORK CITY POLICE OFFICER RAFAEL MUSAYEV, in his individual

and official capacity, NEW YORK CITY POLICE OFFICER RAFFO, in her individual and official capacity, NEW YORK CITY POLICE DETECTIVE KEVIN WINTERS, in his individual and official capacity, NEW YORK CITY POLICE DETECTIVE ROEMER, in his individual and official capacity, and NEW YORK CITY POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities (hereinafter, collectively referred to as "Defendants"), for committing acts under color of law and depriving Plaintiff of rights secured under 42 USC § 1983 grounded in rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

2.     Plaintiff alleges that Defendants engaged in unlawful conduct. Specifically, Defendants used excessive force, falsified records and evidence, falsely arrested, and maliciously prosecuted Plaintiff. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

3.     Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of Defendant NEW YORK CITY, assaulted and battered Plaintiff. Said use of unjustified force on Plaintiff deprived him of his civil and Constitutional rights.

4.     Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned

constitutional provisions. Plaintiff further invokes pendent jurisdiction of this Court, pursuant to 28 U.S.C. §1367.

## VENUE

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the City of New York, Borough of Queens; the actual place of employment of the individually named Defendants and Doe Officers is within the Eastern District of New York; and the City of New York, Borough of Queens is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in the City of New York, Borough of Queens, in the Eastern District of New York. Additionally, Plaintiff, resides within the City of New York, Borough of Queens in the Eastern District of New York.

## THE PARTIES

7.      Plaintiff is a resident of the United States who lives within the Eastern District of New York.

8.      Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY ("CITY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

9.      Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the New York City Police Department, including all police officers and detectives thereof.

10.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is a subdivision and/or agency of Defendant CITY and has an office at 1 Police Plaza, New York, New York 10038.

11.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER RAFAEL MUSAYEV ("MUSAYEV") is a Police Officer who is being sued in his individual and official capacity and is an employee of Defendants CITY and NYPD. At all relevant times described herein, MUSAYEV was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants CITY and NYPD, and works under the supervision, direction, and/or control of his supervisors in the NYPD.

12.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER RAFFO ("RAFFO") is a Police Officer who is being sued in her individual and official capacity and is an employee of Defendants CITY and NYPD. At all relevant times described herein, RAFFO was acting under color of state law within the scope of her employment as a Police Officer employed by Defendants CITY and NYPD, and works under the supervision, direction, and/or control of her supervisors in NYPD.

13.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE DETECTIVE KEVIN WINTERS ("WINTERS") is a Detective with Defendants CITY and NYPD who is being sued in his individual and official capacity and is an employee of Defendants CITY and NYPD. At all relevant times described herein, Defendant WINTERS was acting under color of state law within the scope of his employment as a Detective with CITY and NYPD.

14.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE DETECTIVE ROEMER ("ROEMER") is a Detective with Defendants CITY and NYPD who is being sued in his individual and official capacity and is an employee of Defendants CITY and NYPD. At all relevant times described herein, Defendant

ROEMER was acting under color of state law within the scope of his employment as a Detective with CITY and NYPD

15.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER JOHN DOES #1-10 (fictitiously named) ("DOES") are individuals and employees of Defendants CITY and NYPD with an actual place of employment within New York City, State of New York, who are being sued in their individual and official capacities. At all relevant times described herein, DOES were acting under color of state law within the scope of their employment as Police Officers employed by Defendants CITY and NYPD, and work under the supervision, direction, and/or control of their supervisors in the NYPD.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

16.     Plaintiff served a Notice of Claim upon CITY on October 26, 2021, within ninety days of the events giving rise to his claims.

17.     On February 7, 2022, Plaintiff GRAHAM appeared for an examination pursuant to § 50-h of the New York General Municipal Law.

18.     More than thirty days have elapsed since Plaintiff served his Notice of Claim and CITY has not offered adjustment or payment thereof.

## FACTUAL ALLEGATIONS

19.     On or about July 31, 2021, at approximately 5:31 p.m., Plaintiff GRAHAM was at 138th Avenue and 246 Street, Rosedale, New York. GRAHAM was speaking to his regular FedEx delivery driver.

20.     GRAHAM, just prior to being assaulted by MUSAYEV and/or RAFFO, was inquiring from the FedEx delivery driver whether a certain package had arrived for him.

21.     As GRAHAM was speaking with the FedEx driver, Defendants MUSAYEV and RAFFO approached the FedEx truck with drawn tasers.

22.     At all relevant times, GRAHAM was lawfully present at the aforementioned location and was conversing with the FedEx delivery driver.

23.     As GRAHAM was speaking with the FedEx delivery driver, Defendants MUSAYEV and/or RAFFO without warning and/or lawful purpose fired their taser at GRAHAM.

24.     GRAHAM, at all relevant times, had remained standing at and/or near the FedEx delivery truck speaking with the delivery driver. Plaintiff did not move, did not display any weapons, and did not make sudden movements or any furtive movements. Plaintiff was, at all times, visible to Defendants MUSAYEV and RAFFO.

25.     Defendants MUSAYEV and/or RAFFO, upon reaching Plaintiff and without warning, fired their tasers. Prior to firing a weapon, Defendants MUSAYEV and/or RAFFO did not identify themselves, provide warning, directives, or commands to Plaintiff.

26.     Defendants MUSAYEV and/or RAFFO fired their weapon in complete disregard to the safety of Plaintiff and without justification. Plaintiff, fearing for his life and believing that Defendants MUSAYEV and RAFFO had and/or would discharge their firearms, immediately screamed in pain and ran for his life.

27.     Defendants MUSAYEV and/or RAFFO fired their tasers without justification.

28.     At all relevant times, Plaintiff did not resist and/or in any way threatened Defendants MUSAYEV and RAFFO.

29.     At all relevant times, Plaintiff did not display any weapons nor threaten use of a weapon.

30.     At all relevant times, Plaintiff did not use or exhibit any force whatsoever towards Defendants MUSAYEV and RAFFO.

31.     As a result of Defendant Officers' use of unlawful force, Plaintiff was caused to suffer extremely severe pain and discomfort. Plaintiff, without justification, was tased by Defendants MUSAYEV and/or RAFFO.

32.     Thereafter, Defendant MUSAYEV, in a MV-104AN report, falsely claimed that GRAHAM had collided with the side of the FedEx delivery truck and had fled the scene. Defendant RAFFO knew the report to be false.

33.     In addition, Defendants MUSAYEV and RAFFO unlawfully seized Plaintiff GRAHAM's ATV vehicle.

34.     Defendants MUSAYEV and/or RAFFO sought to charge Plaintiff GRAHAM with reckless endangerment in the first degree pursuant to NY PL § 120.25, a class D felony.

35.     Sometime thereafter July 1, 2021, Plaintiff GRAHAM was contacted by ROEMER of the 105th Squad.

36.     Plaintiff GRAHAM thereafter retained defense counsel and through defense counsel made arrangements to surrender himself to ROEMER.

37.     On September 17, 2021, Plaintiff GRAHAM surrendered himself at the 105th Precinct of the NYPD located at 92-08 222nd Street, Queens Village, NY 11428.

38.     On September 17, 2021, Plaintiff GRAHAM was arrested, processed, and charged by WINTERS. Plaintiff GRAHAM was placed in a holding cell while being booked and process.

39.     On September 17, 2021, Plaintiff GRAHAM was issued a desk appearance ticket and charged with reckless endangerment pursuant to NY PL §120.20, a class A misdemeanor.

40.     Defendants had no evidence to substantiate the charges.

41. The prosecution of Plaintiff was continued after probable cause was vitiated. Defendants had irrefutable evidence of Plaintiff's innocence. GRAHAM was charged with reckless endangerment, despite knowledge that such prosecution was unlawful and in violation of Plaintiff's rights.

42. As a result of the malicious prosecution, Plaintiff GRAHAM was required to pay for the services of a criminal defense attorney at a substantial cost to him. Information about the arrest and/or prosecution was intentionally and maliciously released to the public, impugning GRAHAM's reputation and causing Plaintiff shame and humiliation.

43. Plaintiff was required to appear in court after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

44. On October 7, 2021, Plaintiff GRAHAM was required to appear in Court for arraignment. Plaintiff's criminal charges were dismissed.

45. On or about October 2021, Plaintiff GRAHAM's ATV, which had been unlawfully seized, was released from the impound and returned to him.

46. At all relevant times to the instant Complaint, Defendants were acting under color of law.

47. At all relevant times to the instant Complaint, Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff GRAHAM and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

48.     At all relevant times to the instant Complaint, Defendants, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff GRAHAM, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff GRAHAM to harm and denial of basic rights.

49.     That the injuries Plaintiff suffered were caused solely by the conduct of Defendants and Plaintiff in no way contributed to or caused the injuries he suffered.

50.     The conduct of Defendants was the proximate cause of Plaintiff's injuries.

51.     The injuries suffered by Plaintiff are permanent in nature.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - Excessive Force
### (*Against Defendants MUSAYEV and RAFFO*)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

53.     Plaintiff was tased and brutalized by Defendants MUSAYEV and RAFFO in the absence of any need for such application of force.

54.     Defendant Officers subjected Plaintiff to excessive force while acting in the scope of their employment as Police Officers.  Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

55.     Plaintiff has suffered significant and substantial damages as a result of all of the aforementioned conduct of Defendants.

56.     As a proximate result of Defendant Officers' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and

reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 – False Arrest and Unlawful Search & Seizure
### (*Against All Defendants*)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

58.     That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacities as law enforcement was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crimes for which he was charged.

59.     That said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned Plaintiff and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

60.     That, by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of his rights and privileges and benefits as provided to him under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and was further caused to incur monetary expense, including legal fees.

61.     That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

62.     That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable to Plaintiff for compensatory as well as punitive damages.

63.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

### AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - Failure to Intervene
### (*Against All Defendants*)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

65.     Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

66.     Defendants failed to intervene to protect Plaintiff from the egregious violation of his connotational rights, despite having a realistic opportunity to do so.

67.     That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

68.     Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

69.     As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 – Malicious Prosecution
### (Against All Defendants)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

71.     Defendants' commencement and/or continuation of a criminal proceeding against Plaintiff by the lodging of false charges, wrongful arrest, and abuse of process culminated into the unjustifiable and malicious prosecution of Plaintiff by Defendants.

72.     Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES provided false and fabricated information which was used by the Queens County District Attorney's Office ("DA") to prosecute Plaintiff for false, erroneous, and unsubstantiated charges.

73.     Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES provided the DA with false information, and knew that said information would be used to prosecute Plaintiff.

74.     Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES' actions constituted unreasonable and unlawful behavior, as well as abuse of process, abuse of authority, and violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

75.     As a result of Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES' actions, the DA conducted said proceedings against Plaintiff based on the false and fabricated evidence.

76.     Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES, therefore, caused the DA to breach its duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against Plaintiff including violations of 42 U.S.C. § 1983.

77.     Defendants instituted and maintained criminal charges against Plaintiff knowing that he was completely innocent.

78.     Said abuse of process has continued by Defendants' failure to adequately investigate and properly discipline Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES for their actions against Plaintiff.

79.     The false and fabricated allegations made against Plaintiff were based on actual malice harbored by Defendants.

80.     Each knew that the charges were false and only sought to press the charges to mask and coverup the abuses, violations, and wrongful acts which they had taken against Plaintiff.

81.     The action taken by Defendants to create a false narrative; falsely accuse Plaintiff; provide false information to the DA; maliciously prosecute; harass; and fully inconvenience Plaintiff with false criminal charges is an abuse of process, in that using the courts and judicial process to harass, intimidate, inconvenience, and further damage Plaintiff despite no significant evidence for prosecuting the baseless charges.

82.     As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed

monetarily in his incurring of attorney fees, and other expenses incurred in the attempt to clear Plaintiff from these false and maliciously imposed criminal charges.

83.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of TEN MILLION DOLLARS ($10,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

**AS AND FOR A FIFTH COUNT**
**42 U.S.C. § 1983 – Abuse of Process**
***(Against All Defendants)***

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

85.     Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff.

86.     The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

87.     Defendants filed said false criminal felony complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendants MUSAYEV and RAFFO.

88.     Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Defendants abused the criminal justice system in falsely arresting, falsely charging, and falsely prosecuting GRAHAM in an attempt to protect Defendants MUSAYEV and RAFFO and satisfy their personal goals of covering up their wrongdoing and to further their own purposes of exercising their privilege for their own warped sense of power.

89.     Defendants created false and fabricated statements which included the MV-104AN, NYPD Property Clerk Invoice, and Desk Appearance Ticket.

90.     Moreover, Defendants invented and fabricated circumstances which were used to support the false charges in the charging instrument that was used to prosecute Plaintiff by the DA.

91.     Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Defendants MUSAYEV and RAFFO and to harass, intimidate, coerce, silence, and punish Plaintiff.

92.     Defendants did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to protect Defendants MUSAYEV and RAFFO, and falsely arrest and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

93.     Defendants did nothing to stop the criminal proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process.

94.     As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of CITY, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

95.     Defendants MUSAYEV and RAFFO, with the aid of other named Defendants, falsified evidence and committed perjury in order to cover up Defendants MUSAYEV and RAFFO's unlawful acts.

96.     As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

97.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of TEN MILLION DOLLARS ($10,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**42 U.S.C. § 1983 – Fabricating of Evidence**
***(Against Defendants MUSAYEV and RAFFO)***

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

99.     Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES fabricated evidence against Plaintiff to deprive Plaintiff of his First, Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully charge Plaintiff with crimes that he did not commit.

100.     Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES further deprived Plaintiff of his due process rights, specifically by falsifying facts in the charging instrument filed against GRAHAM.

101.     All of the above factual allegations prepared by Defendants were false. These false allegations, and others, led to the false arrest of Plaintiff, Plaintiff being accused of crimes which he did not commit, and Plaintiff's false prosecution.

102.    The actions by Defendants denied Plaintiff his liberty and due process rights. These rights are guaranteed to Plaintiff under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

103.    As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

104.    Defendants knew or should have known that the wrongful detainment, false arrest, wrongful imprisonment, and unlawful prosecution of GRAHAM violated Plaintiff's rights, guaranteed to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983.

105.    Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, and unlawful prosecution of Plaintiff, yet these Defendants neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did in fact occur.

106.    Defendants knew or should have known that the fabricated accusations against GRAHAM were violative of his Fourth, Fifth, and Fourteenth Amendment rights to due process, and were tantamount to the unfair treatment that he suffered at the hands of each and every Defendant, in violation of Plaintiff's fundamental rights under the Constitution.

107.    As a direct consequence of the actions of the Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

108.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of TEN MILLION DOLLARS ($10,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

**AS AND FOR A SEVENTH COUNT**
**42 U.S.C. § 1983 - *Monell***
**(*Against Defendant CITY*)**

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

110.    Defendant CITY failed to adequately train their police officers and detectives regarding the proper use of force, probable cause, and investigation to comply with Constitutional standards and have tolerated the use of excessive force, probable cause, and investigation by their police officers and detectives despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers and detectives.

111.    Among the other conduct or failure to act by the CITY which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of their police officers and detectives regarding the proper use of force, probable cause, and investigation of purported crimes under the Constitution of the United States, including police officers and detectives who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers and detectives who CITY knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for discipling or re-training officers and detectives who have engaged in such misconduct, including officers and detectives who have been the subject of misconduct claims.

(d) Failed to implement adequate disciplinary policies to deter their police officers and detectives from the use of excessive force, improper police procedures and tactics, and falsifying police records.

112.   Municipal Defendants, by their policy making agents, servants, and employees, authorized and or allowed the type of misconduct complained herein to continue.

113.   The conduct of the Individual Defendants was consistent with longstanding customs, practices, and usages of police officers and detectives employed by CITY.

114.   Upon information and belief, despite knowledge of such de facto policies and practices, the supervising and policy making officers and officials of the Police Department of the CITY have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers and detectives with regard to the constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the constitutional rights upon persons within their respective jurisdictions.

115.   As a proximate result of CITY's actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided

at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR AN EIGHTH COUNT
### Violations of New York State Constitution
### (*Against Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES*)

116.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

117.   Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities guaranteed by Article 1, §§ 6 and 12 of the New York State Constitution, including, without limitation, the right to due process and the right to be free from unreasonable searches and seizures.

118.   As a proximate result of Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TEN MILLION DOLLARS ($10,000,000.00), plus costs, and attorney's fees.

## AS AND FOR A NINTH COUNT
### Assault and Battery
### (*Against Defendants MUSAYEV and/or RAFFO*)

119.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

120.    Defendants MUSAYEV and/or RAFFO, without just cause, willfully and maliciously used physical force against GRAHAM, causing him to sustain severe and serious injuries.

121.    Defendants MUSAYEV and/or RAFFO committed the foregoing acts intentionally, willfully, and with malicious disregard for GRAHAM's rights and are therefore liable for punitive damages.

122.    As a proximate result of Defendants MUSAYEV and/or RAFFO's intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TEN MILLION DOLLARS ($10,000,000.00), plus costs and attorney's fees.

**AS AND FOR A TENTH COUNT**
**Intentional/Negligent Infliction of Emotional Distress**
**(_Against Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES_)**

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

124.    Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

125.    All of these acts were performed without any negligence on the part of Plaintiff and were the proximate cause of injuries to Plaintiff.

126.     Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

127.     As a proximate result of Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TEN MILLION DOLLARS ($10,000,000.00), plus costs and attorney's fees.

<u>**AS AND FOR AN ELEVENTH COUNT**</u>
<u>***Respondeat Superior***</u>
(***Against Defendants CITY and NYPD***)

128.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

129.     At all relevant times, Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES were employees of Defendants CITY and NYPD and were acting within the scope of their employment.

130.     Defendants CITY and NYPD are, therefore, vicariously liable under the doctrine of *respondeat superior* for the actions of Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES set forth herein.

131.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's

damage in an amount to be provided at trial but no less than TEN MILLION DOLLARS ($10,000,000.00), plus costs and attorney's fees.

**AS AND FOR A TWELFTH COUNT**
**Negligent Hiring**
***(Against Defendants CITY and NYPD)***

132.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

133.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to hire certain officers, including Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES without conducting the appropriate background checks, investigations, and psychological evaluations.

134.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to conduct inadequate investigations of officer candidates as was done with Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES.

135.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to inadequately supervise the actions and conduct of officers, including Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES.

136.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to continue to employ police officers, including Defendants MUSAYEV, RAFFO, WINTERS, ROEMER, and DOES after it is known that such officers consistently violate the constitutional rights of persons such as GRAHAM.

137.    These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing GRAHAM's injuries.

138.   Defendants CITY and NYPD are, therefore, liable for violations of GRAHAM's constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs; and Plaintiff has suffered damages therefrom.

139.   As a proximate result of Defendants CITY and NYPD's customs, policies, and practices for negligent hiring, improper supervision, and improper retention of officers, GRAHAM was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees.

## JURY DEMAND

140.   Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A.   Under the First Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, costs, and attorney's fees;

B.   Under the Second Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, costs, and attorney's fees;

C.   Under the Third Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, costs, and attorney's fees;

D.   Under the Fourth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, costs, and attorney's fees;

E.   Under the Fifth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, costs, and attorney's fees;

F.     Under the Sixth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, costs, and attorney's fees;

G.     Under the Seventh Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, costs, and attorney's fees;

H.     Under the Eighth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs and attorney's fees;

I.     Under the Ninth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs and attorney's fees;

J.     Under the Tenth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs and attorney's fees;

K.     Under the Eleventh Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs and attorney's fees;

L.     Under the Twelfth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus costs and attorney's fees; and

M.     Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
October 27, 2022

Respectfully submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Justin Graham*

By:   */s/Pablo A. Fernandez*
Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696
pfernandez@rfriedmanlaw.com