Docket No. 22-CV-6546 (PKC)(CHK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTIN GRAHAM,

                          Plaintiff,

                -against-

NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER RAFAEL
MUSAYEV, in his individual and official capacity,
POLICE OFFICER RAFFO, in her individual and official
capacity, NEW YORK CITY POLICE DEPARTMENT
DETECTIVE KEVIN WINTERS, in his individual and
official capacities, NEW YORK CITY POLICE
DEPARTMENT DETECTIVE ROEMER, in his
individual and official capacities, NEW YORK CITY
POLICE OFFICERS JOHN DOES #1-10 (fictitiously
named), in their individual and official capacities,

                          Defendants.

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

*STEVEN BANKS*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Musayev,*
*Raffo, Winters, and Roemer*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Hannah V. Faddis*
*Tel:  (212) 356-2486*

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** .................................................................................................................... ii

**PRELIMINARY STATEMENT** ...................................................................................................... 1

**ARGUMENT** ...................................................................................................................................... 1

**POINT I** ............................................................................................................................................... 1

**PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED AGAINST OFFICER RAFFO** .................................................................................................................... 1

**POINT II** .............................................................................................................................................. 4

**OFFICER RAFFO IS ENTITLED TO QUALIFIED IMMUNITY AT A MINIMUM** ........ 4

**CONCLUSION** ................................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

Anderson v. Creighton, 483 U.S. 635, 640 ................................................................................... 4

Burks v. City of N.Y., No. 17-cv-00177 (ARR) (RLM), 2018 U.S. Dist. LEXIS 201377 (E.D.N.Y. Nov. 28, 2018) ......................................................................... 2

Corley v. Nabeel Shahid, 89 F. Supp. 3d 518 ................................................................... 2

Fischl v. Armitage. 128 F. 3d 50 (2d Cir. 1997) ............................................................ 3

Elufe v. Aylward, No. 09-CV-458 (KAM)(LB), 2011 U.S. Dist. LEXIS 11037 (E.D.N.Y. Feb. 4, 2011) ......................................................................... 3

O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988) ....................................................... 3

Raffaele v. City of N.Y., 242 F. Supp. 3d 152 (S.D.N.Y. 2017) ............................................ 2-3

Ridge v. Davis, No. 18 Civ. 8958 (JCM), 2022 U.S. Dist. LEXIS 22781 (S.D.N.Y. Feb. 7, 2022) ......................................................................... 2

Benbow v. City of N.Y., No. 17-cv-6457 (EK)(JRC), 2025 U.S. Dist. LEXIS 79292 (Apr. 25, 2025) ......................................................................... 4

White v. Pauly, 137 S. Ct. 548 (2017) ................................................................. 1-2, 4

**PRELIMINARY STATEMENT**

At bottom, plaintiff offers no evidence from which any reasonable juror could conclude that Officer Raffo could have known of or prevented Officer Musayev's use of his taser, from 10-15 feet away in the mere seconds from when Musayev exited the vehicle to the time of discharge.    The video footage of the underlying incident is clear that Officer Raffo had no opportunity to anticipate or intercede in Officer Musayev's use of force against the plaintiff.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED AGAINST OFFICER RAFFO**

Plaintiff identifies no evidence in the record that Officer Raffo was aware that plaintiff's rights were being violated or that she had a reasonable opportunity to prevent such violation.  Plaintiff tacitly concedes that Officer Raffo was not close enough to Officer Musayev to physically intercede, but suggests that she should have issued some sort of verbal command. (Pl. Opp., p 5). Plaintiff cites no authority for this proposition, and sidesteps the predicate question of whether Officer Raffo had sufficient notice of Officer Musayev's imminent use of force such that she had any reasonable opportunity to intervene at all.

Reading plaintiff's opposition generously, one can infer the argument that because Officer Musayev unholstered his taser, Officer Raffo should have anticipated that he intended to use it unlawfully.  Plaintiff cites no authority for this proposition.  No reasonable juror could conclude based solely on the fact that an officer unholstered a less lethal weapon that his fellow officer should have understood he would use it unlawfully.  Indeed, that proposition runs counter to common sense and well-established principles of law—a police officer is entitled to assume that their fellow officers are acting in the proper discharge of their duties. See White v. Pauly, 137 S.

1

Ct. 548 (2017). Take, for example, the obvious hypothetical scenario in which one officer's vantage point allows them to identify a weapon in a suspect's possession, or some other threat, not readily apparent to their partner, causing them to draw a weapon. Under the legal framework plaintiff proposes, every officer in that scenario would be obligated to demand their counterpart disarm or provide legal justification in the moment for even contemplating a use of force. It is not surprising that plaintiff cannot cite a single case where a court has imposed such an unworkable and dangerous burden on police officers.

Moreover, the mere suggestion that a fellow officer might use force is simply insufficient to trigger liability for failure to intervene. See Burks v. City of N.Y., No. 17-cv-00177 (ARR) (RLM), 2018 U.S. Dist. LEXIS 201377, at *22 (E.D.N.Y. Nov. 28, 2018) (collecting cases demonstrating that "officer does not become liable for failing to intervene just because he has some notice—verbal or otherwise—that another officer intends to use force against the plaintiff.") "[T]he central inquiry is not only whether the defendant had notice of an impending constitutional violation but, rather, whether that notice provided him with the time, ability, and opportunity to do something before the violation had already occurred." Burks, 2018 U.S. Dist. LEXIS 201377, at *22 (E.D.N.Y. Nov. 28, 2018) (granting summary judgment on failure to intervene claim where "matter of seconds" elapsed between warning and force). Courts regularly dismiss failure to intervene claims attached to rapid, discrete uses of force. See Corley v. Nabeel Shahid, 89 F. Supp. 3d 518, 525 (E.D.N.Y. 2015) (granting summary judgment to defendants where the "sudden" assault "happened and finished so fast, and with no warning whatsoever"); Ridge v. Davis, No. 18 Civ. 8958 (JCM), 2022 U.S. Dist. LEXIS 22781, at *38 (S.D.N.Y. Feb. 7, 2022) (granting summary judgment to officers on alleged failure to intervene in excessive force which occurred within seconds of first officer reaching plaintiff); Raffaele v. City of N.Y., 242 F. Supp. 3d 152

2

(E.D.N.Y. 2017) (granting summary judgment on failure to intervene claim because "there was not enough time for any officer, from a distance of six to ten feet, to intervene between a push and a hit occurring in a two-second span") (emphasis added); Elufe v. Aylward, No. 09-CV-458 (KAM)(LB), 2011 U.S. Dist. LEXIS 11037, at *9 (E.D.N.Y. Feb. 4, 2011) ("Where the alleged force consists of a single push or a 'rapid succession' of blows, courts have found that the officer did not have a realistic opportunity to intervene.") (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988). Here, the entire incident is captured on video and on the undisputed evidence no reasonable juror could find that Officer Raffo had notice of Officer Musayev's impending use of force, or had a reasonable opportunity to prevent it—in the four seconds from when he exited the vehicle until he discharged his taser while standing 10-15 feet away.

The cases plaintiff cites do not counsel a different conclusion. First, Fischl v. Armitage is not a failure to intervene case, but rather addressed the viability of claims against correction officers for failure to protect an inmate against violence by other prisoners under the Eighth Amendment. 128 F. 3d 50 (2d Cir. 1997). The facts of Anderson v. Branen do not even approximate those of this case. In Anderson, the Second Circuit held there was a sufficient basis to charge a jury on failure to intervene, where a defendant officer was alleged to have watched two other officers beat the plaintiffs without provocation while yelling homophobic epithets before joining in the assault, and to have subsequently watched one of the officers continue the assault on one of the plaintiffs. Anderson v. Branen, 17 F.3d 552 (2d Cir. 1994). Terebesi v. Torreso, is similarly inapposite. Terebesi v. Torreso, 764 F.3d 217 (2d Cir. 2014). There the Circuit held that, because the plaintiff alleged harm stemming from a planned raid which anticipated the "use of substantial and violent force," in which there was evidence that every defendant had the opportunity to intervene, the claim could be put to a jury. This case falls even farther afield of the

3

instant matter which, again, involves a single, rapid, discrete use of unplanned force.

**POINT II**

**OFFICER RAFFO IS ENTITLED TO QUALIFIED IMMUNITY AT A MINIMUM**

Plaintiff fails to appreciate the particular contours of the qualified immunity analysis in this case.  First, plaintiff's opposition ignores well-settled law that does not allow a court to define constitutional rights at a high level of generality for the purpose of assessing a qualified immunity defense. White v. Pauly, 580 U.S. 73, 79 (2017)  (citing Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011).  In order to defeat a defense of qualified immunity a plaintiff must show not only that he was subjected to a violation of his constitutional rights but that the right at issue was clearly established at the time of the violation.  Here, plaintiff asserts only a right to be free from excessive force generally (Pl. Opp., p. 7).  However, "clearly established law must be particularized to the facts of the case." White, at 79 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987). Further, plaintiff does not address the pertinent question of whether the duty to intervene under the circumstances presented clearly established.

Another court in this district recently addressed this question, granting qualified immunity to an officer present for a police-involved shooting on a claim of failure to intervene. See Benbow v. City of N.Y., No. 17-CV-6457(EK)(JRC), 2025 U.S. Dist. LEXIS 79292, at *4-5 (E.D.N.Y. Apr. 25, 2025).  The court in Benbow relied, in part, upon the Second Circuit's decision in Lennox v. Miller granting qualified immunity to an officer on a failure to intervene in excessive force claim.  Lennox v. Miller, 968 F.3d 150 (2d Cir. 2020). The Circuit held that the force at issue was itself entitled to qualified immunity, and went on to find that the officer had no realistic opportunity to intervene and went on to note there was no clearly established law requiring his intervention.  "Thus, Miller reasoned that an officer is entitled to qualified immunity unless the

4

law clearly established both the illegality of the observed conduct and his own duty to intervene."

Benbow, at *7 (citing Miller at 157).

Here, plaintiff cannot point to any clearly established law sufficiently particularized which would place beyond debate that Officer Raffo acted in any manner rising to the level of a constitutional violation. Indeed, for the reasons all the reasons previously stated, it is entirely unclear what she could have done differently at all under these circumstances.

Accordingly, as to plaintiff's claim for failure to intervene against Officer Raffo defendant is entitled to qualified immunity.

## CONCLUSION

For all of the foregoing reasons, the Court should grant summary judgment in favor of Officer Raffo on plaintiff's claim for failure to intervene, and any other remaining claims against her, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      March 2, 2025

STEVEN BANKS
Corporation Counsel of the City of New
   York
*Attorney for Defendants City of New York,*
   *Musayev, Raffo, Winters, and Roemer*
100 Church Street
New York, New York 10007
(212) 356-2486

By:                            /s/

Hannah V. Faddis
*Special Federal Litigation Division*

TO:    VIA ECF
       *All Counsel of Record*

5